PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. MAYFIELD, JAMES ALLISON MAYFIELD, JR. and TERRI MAYFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>IVAN OROZCO, SHERIFF SCOTT JONES, JAMES LEWIS, RICK PATTISON, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA DAVIS HEALTH SYSTEM, DR. GREGORY SOKOLOV, DR. CHARLES SCOTT, DR. ROBERT HALES, and DOES 1-5<br><br>Defendants. | Case No.: 2:13-CV-2499-JAM-AC<br><br>[Assigned to the Honorable John A. Mendez – Courtroom 6]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:   December 3, 2013<br>Discovery Cut-Off: None Set<br>Motion Cut-Off:    None Set<br>Trial Date:        None Set |

The Parties in the above-entitled matter seek to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and/or constitutional privacy rights. The Parties in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; and/or (b) not normally revealed to the public or third parties, or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

The Parties take the position that these documents are Confidential:

1.  Personnel records for Defendant Ivan Orozco, a sworn peace officer

{01430179.DOCX}                                   1
**STIPULATED PROTECTIVE ORDER**

and employee of the Sacramento County Sheriff's Department, including but not limited to documents concerning, relating or referring to: background investigations, hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, resulting discipline or retraining.

2. Medical files and records of Plaintiffs James Joshua Mayfield, James Allison Mayfield, Jr. and Terri Mayfield, including but not limited to mental health information and evaluations, medical information and examinations, prescription and medication information, etc.

3. Plaintiff James Joshua Mayfield's juvenile records.

IT IS HEREBY STIPULATED by, among and between the Parties through their counsels of record that the documents described herein may be designated as "Confidential" and produced subject to the following Stipulated Protective Order:

1. The disclosed documents shall be used solely in connection with the civil case <u>Mayfield, et al. v. Orozco, et al.</u>, Case No.: 2:13-CV-2499-JAM-AC (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. A party producing the documents and materials described herein shall designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties. Documents may also bear a mark labelling them "Redacted" to protect third party privacy rights and information not subject to disclosure.

3. Documents or materials designated under this Stipulated Protective

Order as "Confidential" may only be disclosed to the following persons:

(a) Barbara Enloe Hadsell, Dan Stormer, Joshua Piovia-Scott, Mohammad Tajsar of HADSELL STORMER & RENICK LLP and associate attorneys in their office, and Lori Rifkin of the RIFKIN LAW OFFICE, and associate attorneys in her office, as counsel for Plaintiffs JAMES JOSHUA MAYFIELD, JAMES ALLISON MAYFIELD JR., and TERRI MAYFIELD, in the case enumerated above;

(b) Van Longyear and Peter Zilaff of LONGYEAR, O'DEA & LAVRA, LLP and associate attorneys in their office, as counsel for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JAMES LEWIS, and RICK PATTISON, in the case enumerated above;

(c) Robert F. Tyler, Jr. and Scott Gassaway of WILKE, FLEURIE, HOFFELT, GOULD & BIRNEY, LLP and associate attorneys of their office, as counsel for Defendants UNIVERSITY OF CALIFORNIA DAVIS HEALTH SYSTEM, DR. GREGORY SOKOLOV, DR. CHARLES SCOTT, and DR. ROBERT HALES, in the case enumerated above;

(d) Terence J. Cassidy and Lauren E. Calnero of PORTER SCOTT, and associate attorneys in their office, as counsel for Defendant IVAN OROZCO, in the case enumerated above.

(e) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a)-(d) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(f) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(g) Any expert, consultant, or investigator retained in connection with this action;

(h) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

{01430179.DOCX} 3
**STIPULATED PROTECTIVE ORDER**

(i)   Witnesses during their depositions in this action; and,

(j)   The parties in this action.

4.   Prior to the disclosure of any Confidential information to any person identified in Paragraph 3 sub-parts (g), (i) and (j), each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order and will be subject to the Order. Upon reading this Stipulate Protective Order, such person shall acknowledge in writing as follows:

> I have read the Stipulated Protective Order that applies in <u>Mayfield, et al. v. Orozco, et al.</u>, Case No.: 2:13-CV-2499-JAM-AC (USDC EDCA), and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

Such person also must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) through (d) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. Any Party may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this actions, or agents thereof, have breached the terms of the Stipulated Protective Order.

5.   Nothing in this Stipulated Protective Order shall be construed as a limitation on a party's ability to show the documents or materials that it has designated as "Confidential" and produced in this action to whomever the party may deem appropriate. Nothing in this Stipulated Protective Order shall be construed to

{01430179.DOCX}   4
**STIPULATED PROTECTIVE ORDER**

limit a party's use of information already in its possession prior to the litigation, provided that use complies with all other legal requirements.

6. As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the Parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141. All Parties agree to accept service of all documents filed pursuant to Local Rule 141 by electronic means.

7. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

8. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify confidential information shall meet and confer with the producing party. Until the matter is resolved by the Parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

9. <u>Copies of Confidential Documents</u>

The following procedures shall be utilized by the Parties in production of documents and materials designated as "Confidential":

(a) All Counsel for Parties other than the party producing the confidential material shall receive one copy of the confidential material at no charge.

(b) Counsel for Parties other than the party producing the confidential material may make copies for internal use but shall not copy, duplicate, furnish,

{01430179.DOCX} 5
**STIPULATED PROTECTIVE ORDER**

disclose, or otherwise divulge any information contained in the confidential documents to any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for the party producing the confidential material.

10. If any document or information designated as "Confidential" pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with Paragraph 5 of this Stipulated Protective Order. Only individuals who are authorized by this Stipulated Protective Order to see or receive such material may be present during the discussion or disclosure of such material. The Parties shall work together to ensure that this process regarding the use of confidential information at depositions is followed.

11. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Stipulated Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to internet, radio and television media.

12. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the party that produced the confidential material of the recipient(s) and the circumstances of the unauthorized disclosure and (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order.

13. No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it

under this Stipulated Protective Order. In addition, any information that is designated confidential does not lose its confidential status due to any inadvertent or unintentional disclosure. In the event that a party makes any such inadvertent disclosure, the documents which are confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential-marked documents provided to the other parties to this action. Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the party that produced the confidential material within fourteen (14) days.

14. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential. All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall be returned to counsel for the party that produced the confidential material in a manner by which counsel will be able to reasonably verify that all documents were returned. All Parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for the party that produced the confidential material. "Conclusion" of this litigation means a termination of the case following any final appeal or the expiration of the time to file a final appeal or settlement of all claims.

15. No later than thirty (30) days after conclusion of the litigation, all persons having received the confidential documents shall return said documents to counsel for the party that produced the confidential material or a confirmation in writing that all such documents and/or information have been destroyed.

16. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the

Parties agree the Stipulated Protective Order shall continue in force as a private agreement between the Parties.

    17.   During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Stipulated Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

    IT IS SO STIPULATED.

Respectfully submitted,

Dated: July 15, 2015            HADSELL STORMER & RENICK LLP

By   /s/ Joshua Piovia Scott
     Barbara Enloe Hadsell
     Dan Stormer
     Josh Piovia-Scott
     Mohammad Tajsar
     Attorneys for Plaintiffs
     JAMES JOSHUA MAYFIELD,
     JAMES ALLISON MAYFIELD JR.,
     TERRI MAYFIELD

Dated: July 15, 2015            LAW OFFICE OF LORI RIFKIN

By   /s/ Lori E. Rifkin
     Lori E. Rifkin
     Attorneys for Plaintiffs
     JAMES JOSHUA MAYFIELD,
     JAMES ALLISON MAYFIELD JR.,
     TERRI MAYFIELD

Dated: July 15, 2015            PORTER SCOTT
                                      A PROFESSIONAL CORPORATION

By   /s/ Lauren E. Calnero
     Terence J. Cassidy

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

```
                                        Lauren E. Calnero
                                        Attorneys for Defendant
                                        IVAN OROZCO
```

Dated: July 15, 2015          LONGYEAR O'DEA & LAVRA


                              By    /s/ Van Longyear
                                    Van Longyear
                                    Peter Zilaff
                                    Attorneys for Defendants
                                    COUNTY OF SACRAMENTO,
                                    SCOTT JONES, JAMES LEWIS,
                                    RICK PATTISON

Dated: July 15, 2015          WILKE FLEURY HOFFELT
                              GOULD & BIRNEY


                              By    /s/ Robert F. Tyler, Jr.
                                    Robert F. Tyler, Jr.
                                    Attorney for Defendants
                                    UNIVERSITY OF CALIFORNIA
                                    DAVIS HEALTH SYSTEM, DR.
                                    GREGORY SOKOLOV, DR.
                                    CHARLES SCOTT, DR. ROBERT
                                    HALES

{01430179.DOCX}                        9
                        **STIPULATED PROTECTIVE ORDER**

# **ORDER**

Pursuant to the stipulation and good cause appearing, it is so ordered.

DATED: July 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE