UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSHUA MAYFIELD, JAMES ALLISON MAYFIELD, JR. TERRY MAYFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>IVAN OROZCO, SCOTT JONES, JAMES LEWIS, RICK PATTISON, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA HEALTH SYSTEM, DR. GREGORY SOKOLOV, DR. CHARLES SCOTT, DR. ROBERT HALES, DOES 1-5,<br><br>Defendants. | No. 2:13-cv-02499 JAM AC<br><br>ORDER |

Plaintiffs have filed a Motion to Compel Production of Documents and Responses to Interrogatories from defendants Scott Jones, James Lewis, Rick Pattison and the County of Sacramento. ECF No. 76. Defendants University of California Davis Health System, Sokolov and Haleshave, in turn, filed a Motion to Compel Production of Documents and Responses to Interrogatories from plaintiff James J. Mayfield. ECF 75. Both parties have filed numerous documents in support of and opposition to the Motions. ECF Nos 86-94, 96. Among those documents is a Joint Statement of the parties regarding the dispute. ECF No. 87. This discovery matter was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(1).

1

The parties, all of whom are represented by counsel, have not complied with this court's standard instructions regarding discovery disputes, see www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac ("Standard Information"), nor with this court's Local Rules governing discovery disputes, see E.D. Cal. R. 251 (discovery matters), nor with the Federal Rules of Civil Procedure governing requests for protective orders, see Fed. R. Civ. P. 26(c)(1).

The parties' filings indicate they are aware of Local Rule 251 but have either failed to understand it or made a conscious decision to ignore it. Counsel are reminded of their obligation to familiarize themselves with, and to comply with, the applicable Federal Rules of Civil Procedure, this court's Local Rules governing discovery matters, and the undersigned's standard instructions regarding discovery disputes.

In this instance, the Court will go no further than to remove the pending matters from its June 8, 2016 calendar without prejudice to their renotice at a proper time and in proper form. The parties and their counsel are cautioned however, that going forward, they face sanctions for the filing of, or response to, any discovery motion that fails to comply with the applicable rules and instructions.

1. Joint Statement

The moving party is required to "draft and file a document entitled 'Joint Statement re Discovery Disagreement,'" which is to be prepared with, and signed by, all parties who are concerned with the discovery motion. Local Rule 251(c). Other than the very brief notice of motion to be filed by the movant, this Joint Statement is the ***only*** document that should be filed in regard to any renewed discovery motion. "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." Local Rule 251(c).

The parties are advised that the undersigned will not consider any declarations, memoranda or other documents (including any already filed on the docket), that are not included in or attached as exhibits to the Joint Statement. Moreover, any party filing other documents in support of or in response to the discovery motion – outside of the Joint Statement – will be

2

subject to sanctions.  See also, Local Rule 251(d) (failure to meet or obtain Joint Statement).  The parties are also reminded that courtesy copies of all Joint Statements, with declarations, exhibits and other attachments tabbed, are mandatory and should be delivered to the Clerk of Court at least seven (7) days before a scheduled hearing.  See Standard Information at 2.

    2. Meet and Confer

The parties must meet and confer in an attempt to resolve their differences.  E.D. Cal. R. 251(b).  Any renewed motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1) (emphasis added).

The parties are advised that the undersigned strictly enforces meet and confer requirements.  Written correspondence between the parties, including email, is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b).  Prior to the filing of a Joint Statement, the parties must confer in person or via telephone or video conferencing in an attempt to resolve the dispute.  See www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac.

    3. Notice of Motion

If the parties renew their motions, they are reminded that hearings scheduled before the undersigned should be scheduled for Courtroom 26, on the Eighth Floor of the federal courthouse at 501 I Street, Sacramento, CA 95814.

For the reasons stated above, IT IS HEREBY ORDERED that

1. The June 8, 2016 hearing on the Motions to Compel Discovery Responses filed by both parties is VACATED; and

2. The Chase defendants' motion to quash and for a protective order (ECF No. 33) is DENIED without prejudice to its renewal in proper form.

DATED: June 3, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE