UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSHUA MAYFIELD, JAMES ALLISON MAYFIELD, JR., and TERRI MAYFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>IVAN OROZCO, SHERIFF SCOTT JONES, JAMES LEWIS, RICK PATTISON, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA DAVIS HEALTH SYSTEM, DR. GREGORY SOKOLOV, DR. ROBERT HALES, and Does 1-5,<br><br>Defendants. | No. 2:13-cv-02499 JAM AC<br><br>ORDER |

Plaintiffs move to compel further discovery responses from the University of California Davis Health System and related defendants (collectively "UCD"). The motion, ECF No. 100, came on for hearing on June 29, 2016. Lori Rifkin appeared for plaintiffs, and Robert F. Tyler appeared for UCD. For the reasons set forth below, the court will grant the motion in part and deny it in part.

BACKGROUND

Plaintiff James Joshua Mayfield ("Joshua Mayfield") attempted suicide in the Sacramento County Jail, where he was a pre-trial detainee, and survived with quadriplegia and cognitive

1

1   impairments. He and his wife and son sue the County and various jail correctional staff, and
2   UCD Health Services and related jail psychiatric staff, on grounds including failure to protect and
3   failure to provide medical care.
4         Pursuant the Pretrial Scheduling Order now in place, ECF No. 41, discovery closes on
5   October 14, 2016.

## MOTION TO COMPEL

7         Plaintiffs seek to compel further responses to their First and Third Sets of Requests for
8   Production of Documents and First and Third Sets of Interrogatories. Additionally, plaintiffs seek
9   (1) a more detailed privilege log; (2) production of all responsive documents whether
10  "indigenous" or not; (3) production of documents for the entire temporal period requested; (4)
11  clarification as to the categorical identify of documents withheld as "inapplicable"; and (5)
12  augmented, complete answers to interrogatories and production of related documents withheld by
13  UCD on HIPAA grounds. ECF Nos. 100, 107 at 9.

## STANDARDS

15        The scope of discovery under the Federal Rules is broad. Discovery may be obtained as
16  to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to
17  the needs of the case, considering the importance of the issues at stake in the action . . . and
18  whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
19  Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in
20  evidence to be discoverable." Id. "Evidence is relevant if: (a) it has any tendency to make a fact
21  more or less probable than it would be without the evidence; and (b) the fact is of consequence in
22  determining the action." Fed. R. Evid. 401.
23        Where a party fails to answer an interrogatory submitted under Rule 33, or fails to
24  produce documents requested under Rule 34, the party seeking discovery may move for
25  compelled disclosure. Fed. R. Civ. P. 37. "The party seeking to compel discovery has the burden
26  of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party
27  opposing discovery then has the burden of showing that the discovery should be prohibited, and
28  the burden of clarifying, explaining or supporting its objections." See Bryant v. Ochoa, 2009 WL

1390794 at * 1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009).  The party opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

Privileges are to be "strictly construed" because they "impede full and free discovery of the truth."  Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991).  The Supreme Court has long noted that privileges are disfavored.  Jaffee v. Redmond, 518 U.S. 1, 9 (1996).  "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."  Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).

Where, as here, a case presents federal claims and pendent state law claims, the federal law of privilege applies.  Agster v. Maricopa Cty., 422 F.3d 836, 839 (9th Cir. 2005).  When a party withholds otherwise discoverable information by claiming that it is privileged, the party must make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege.  Fed. R. Civ. P. 26(b)(5).  Generalized or boiler-plate assertions of privilege are inadequate.  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005), cert. denied, 546 U.S. 939 (2005).

## DISCUSSION

I. Privilege Issues

On June 15, 2016, defendants belatedly produced a privilege log in relation to the discovery requests at issue.  Defendants asserted HIPAA protections and state confidentiality law as to inmate medical information; California Evidence Code §§ 1156-1157 as to minutes of Quality Improvement Committee meetings; and attorney/client privilege as to various communications.

A. HIPAA and Medical Privacy Objections

Defendants object to providing information regarding another inmate's suicide attempt at the Sacramento County Jail on the same day and in the same manner as plaintiff Joshua

3

1  Mayfield's. Defendants have also redacted the names and identifying information of other
2  inmates from production of numerous documents, citing HIPAA and state privacy law. On the
3  same grounds, they object to Interrogatories seeking further information about incidents
4  identified, and inmates named, in the "Self-Inflicted Injury Logs" they have produced.[1]

5  State confidentiality law does not apply here. See Kelley v. City of San Jose, 114 F.R.D.
6  653, 655-656 (N.D. Cal. 1987) ("State privilege doctrine, whether derived from statutes or court
7  decisions, is not binding on federal courts in these kinds of cases."). Federal regulations govern
8  the disclosure of information protected by the federal Health Insurance Portability and
9  Accountability Act (HIPAA). 45 C.F.R. § 164.512(e) provides that protected health information
10 may under certain circumstances be produced in connection with judicial proceedings. Such
11 documents may be produced in response to a discovery request if *either* the individual whose
12 information has been requested has been given notice of the request *or* reasonable efforts have
13 been made by the requesting party to secure a "qualified protective order." § 164.512(c)(1)(i)-
14 (ii). A qualified protective order is one that "(A) [p]rohibits the parties from using or disclosing
15 the protected health information for any purpose other than the litigation or proceeding for which
16 such information was requested; and (B) [r]equires the return to the covered entity or destruction
17 of the protected health information including all copies made) at the end of the litigation[…].[2]
18 § 164.512(c)(1)(iv); see also Allen v. Woodford, 2007 U.S.Dist. LEXIS 11002 (E.D. Cal. Jan. 30,
19 2007) (45 CFR § 164.512(e) permits the disclosure of third-party medical records covered by
20 HIPPA so long as there is a satisfactory protective order in place); Steshenko v. McKay, 2012
21 U.S. Dist. LEXIS 58043 *9 (C.D. Cal. May 3, 2013).
22 ////
23 ////

---

[1] Defendants seek return of the logs for redaction, contending that they were inadvertently disclosed in violation of HIPAA. To the extent the logs are medical records, they are nonetheless subject to disclosure under protective order for the same reasons that plaintiff's motion to compel is here granted regarding HIPAA-protected medical information. However, the logs do not appear to be medical records.

[2] A protective order of this scope should allay defendants' fear that mere production places the protected health information of third-party inmates "in the public domain."

Accordingly, defendants' assertions of HIPAA protection are overruled. Production of documents and responses to interrogatories will be ordered subject to a HIPAA- compliant protective order.

### B. California Evidence Code §§ 1156-1157

Defendants assert Cal. Evid. Code §§ 1156-1157, which establishes a state law privilege for peer review of professional medical practices, to support redaction of Quality Improvement Committee Meeting Minutes. However, federal courts do not recognize this privilege. Allen, 2007 U.S.Dist. LEXIS 11002 at *3 (citing Agster, 422 F.3d at 838-839 (expressly addressing access to medical mortality review in the case of a prisoner who died in custody)).

Defendants' assertion of Cal. Evid. Code §§ 1156-1157 is overruled, and defendants will be ordered to produce unredacted versions of responsive documents, subject to protective order.

### C. Attorney-Client Privilege

As indicated above, the party asserting attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications. "[T]he party asserting the privilege must make a prima facie showing that the privilege protects the information the party intends to withhold." In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citations and footnotes omitted). To meet this burden, the objecting party may not rely upon "generalized, boilerplate objection[s]." Burlington Ry., 408 F.3d at 1147. Rather, the objecting party must produce a privilege log that "describe[s] the nature of the documents" being withheld with enough information to "enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Plaintiffs contend that defendants' privilege log is inadequate, in that it fails to provide the information required by Rule 26(b)(5)(A). The court agrees. Page after page of the privilege log provides only the date and document type (e.g., email or letter), and identifies authors and recipient only as "attorney" or "client." See, e.g., ECF No. 107-1 at 8-14. No information is provided that enables plaintiffs or the court to assess the claim of privilege, which turns on whether the particular communication between an attorney and a client was made in confidence and for the purpose of obtaining legal advice. See generally, Admiral Ins. v. U.S. Dist. Court,

881 F.2d 1486, 1492 (9th Cir.1989) (discussing scope of the privilege).

When, as here, a large volume of documents or electronically-stored information is at issue, a document-by-document log may be unduly burdensome and broad categorical descriptions may suffice.  See Fed. R. Civ. P. 26 Advisory Committee's Notes to 1993 Amendments; see also Durkin v. Shields (In re Imperial Corp. of Am.), 174 F.R.D. 475, 479 (S.D. Cal. 1997).  Because the privilege log here does not contain any description of the nature or general subject matter of the communications, even in categorical terms, it fails to comport with Rule 26(b)(5) and must be supplemented.[3]

## II. Issues Specific To Request For Production No. 51

### A. "Indigenous" Documents

Plaintiffs' Request For Production ("RFP") No. 51, First Set of Requests For Production, sought policies and procedures related to the continuity of care between Jail Psychiatric Services ("JPS"), operated by defendants, and Napa State Hospital.  Defendants' responsive production was limited to those policies and procedures "indigenous" to JPS, excluding policies and procedures of Napa State Hospital.[4]  To the extent that defendants actually do not possess the policies and procedures of the state hospital,[5] the response that the documents are not in the custody and control of the responding defendants is adequate.  Defendants' further reference to "indigenous" documents, however, created avoidable confusion by implying that defendants had no duty to produce, and were withholding, documents that they did possess but had not created.  Such a position would be contrary to the Federal Rules and would be overruled by this court.

---

[3] Plaintiffs also object to defendants' use of "POD" numbers to refer to certain documents in the privilege log.  Defendants have now explained what the term means, and the court declines to order further action in this regard.

[4] Defendants' response also indicates the possibility that RFP No. 51 seeks the discharge records of individual inmates other than plaintiff Mayfield upon their transfer to Sacramento County Jail. RFP No. 51 by its terms seeks policies, procedures, protocols and practices, not individual patient discharge records.  Other discovery requests specifically seek information regarding other inmates who have received psychiatric services, committed acts of self-harm in custody, etc., and the court has already ruled that responses to such requests must be unredacted but subject to a strict protective order.  The court does not order wholesale production of other inmates' discharge instructions pursuant to RFP No. 51.

[5] Defendants' response to the RFP did so state.

However, counsel for defendants has now clarified that all extant responsive documents in defendants' possession were in fact produced. ECF No. 107 at 24. Accordingly, no further production will be ordered in this regard. Defendants are cautioned, however, that their ongoing duty to supplement encompasses documents that are not "indigenous" to JPS.

B. Temporal Scope

RFP No. 51 sought policies and procedures in effect from 2005 to the present. Defendants produced only those documents that were in effect during the period of plaintiff Mayfield's incarceration, 2011 through 2013. Defendants object to further production on grounds that the request is overbroad as to dates preceding and post-dating plaintiff's incarceration.

Plaintiffs have articulated a theory of relevance for the documents they seek. Plaintiffs seek to develop "pattern and practice" information, and evidence that may relate to their negligent supervision and failure to train claims. The period for which documents are requested is not overbroad or disproportionate in this context. Defendants will, therefore, be required to supplement their production with documents covering the time period 2005 to the present. See Lopez v. Florez, 2013 WL 1151948 at *6 (E.D. Cal. Jan. 19, 2013).

III.   Other Issues

A. Documents Withheld As "Inapplicable"

Plaintiffs seek to compel further responses where defendants stated only that an RFP was "inapplicable." E.g., Defendants' Responses to RFP Nos. 9, 12, 13 and 102. Defendants have agreed to provide supplemental responses clarifying their position. ECF No. 107 at 28. They will be ordered to do so.

B. Redactions To Plaintiff's Own Medical Records

Defendants produced to plaintiffs copies of Joshua Mayfield's own jail medical records that were redacted in various ways. To the extent that defendants rely on any federal or state statutory obligations to protect patient medical information, disclosure pursuant to protective order is ordered for the reasons previously explained. To the extent that defendants contend the redacted information is not relevant, or constitutes meta-data not requested in discovery, the objections are overruled. All parties to this lawsuit plainly require access to unredacted copies of

plaintiff's own records, and defendants will be ordered to produce them.

IV.   Sanctions

Plaintiffs seek fees and costs for the bringing of this motion. The court does not find sanctions warranted at this time.

CONCLUSION

For the reasons explained above, plaintiff's Motion To Compel, ECF. No. 100, is GRANTED in part as follows, and is in all other respects DENIED:

1. Discovery withheld or redacted by the UCD defendants pursuant to HIPAA, and/or on medical privacy grounds, shall be produced in unredacted form within 14 days of this court's approval of a Protective Order;

2. Discovery withheld or redacted pursuant to Cal. Evid. Code § § 1156-1157 shall be produced in unredacted form within 14 days of this order;

3. Defendants shall, within 30 days of this order, provide a privilege log in conformity with Fed. R. Civ. P. 26(b)(5), as explained herein, as to all assertions of attorney/client privilege;

4. Defendants shall, within 30 days of this order, augment their response to RFP No. 51 to include documents for the entire time period requested;

5. Defendants shall, within 14 days of this order if they have not already done so, supplement or clarify their responses to RFP Nos. 9, 12,13, 102, and any other responses which merely state "inapplicable;"

6. Defendants shall, within 14 days of this court's approval of a Protective Order, produce to plaintiffs an unredacted copy of plaintiff Joshua Mayfield's medical records.

IT IS SO ORDERED.

DATED: July 1, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE