UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSHUA MAYFIELD, JAMES ALLISON MAYFIELD, JR., and TERRI MAYFIELD, | No.  2:13-cv-02499 JAM AC |
| Plaintiffs, | ORDER |
| v. | |
| IVAN OROZCO, SHERIFF SCOTT JONES, JAMES LEWIS, RICK PATTISON, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA DAVIS HEALTH SYSTEM, DR. GREGORY SOKOLOV, DR. ROBERT HALES, and Does 1-5, | |
| Defendants. | |

The University of California Davis Health System and related individual defendants

(hereinafter "UC Defendants") filed a Motion to Compel Plaintiff's Conservator to Sign

Authorization to Release Records from the Social Security Administration.  ECF Nos. 111, 120.

The motion came on for hearing before the undersigned on July 20, 2016.  Bianca Watts appeared

for the UC Defendants and Acrivi Coromelas appeared by telephone for plaintiffs.  For the

reasons set forth below, the court will grant the motion.

BACKGROUND

Plaintiff James Joshua Mayfield attempted suicide in the Sacramento County Jail, where

1

1    he was a pre-trial detainee, and survived with quadriplegia and cognitive impairments.  He and

2    his wife and son sue the County and various jail correctional staff, as well as the UC Defendants

3    and related jail psychiatric staff, on grounds including failure to protect, failure to provide

4    medical care, and medical malpractice.

5           The court has previously granted, in substantial part, plaintiffs' motion to compel

6    production of documents from defendants (ECF No. 100).  The prior motion was granted by an

7    Order dated July 1, 2016, with the caveat that a Protective Order must be submitted to and

8    approved by the Court prior to production of certain documents.  ECF No. 117.  No proposed

9    protective order has yet been submitted.  At hearing on the instant motion, counsel represented

10   that a draft is currently being circulated among the parties.

11                              THE MOTION TO COMPEL

12          On June 15, 2016, defendant requested consent from plaintiff's conservator to obtain

13   records from the Social Security Administration.  The parties then met and conferred regarding

14   both the scope and the manner of the production.  Plaintiffs wished to receive the documents

15   directly from the Social Security Administration so they could, within a two week period

16   following receipt, redact confidential and sensitive information and prepare a privilege log.

17   Plaintiffs also sought explicit agreement to their right to object to the introduction of any such

18   documents in litigation.  The UC Defendants did not accept these conditions, and brought the

19   motion now before the Court.  The documents requested include:

20          1.      Current month Social Security benefit;

21          2.      Current Social Security Income payment amount;

22          3.      Benefit or payment amounts from July 13, 2013 to the production date;

23          4.      Medicare entitlement from July 17, 2014 to the production date;

24          5.      Records of disability benefits comprising:

25                  a.  Applications

26                  b.  Correspondence

27                  c.  Notice of payments – medical and psychological

28                  d.  Work capability evaluations

2

1

### DISCUSSION

2      The records sought by the UC Defendants are plainly relevant to issues including the

3   nature and extent of plaintiff's injuries and the permanence of his disability.  These matters are

4   placed squarely in issue by plaintiff's claims.  The court finds that the request is proportional to

5   the needs of the case.  Accordingly, the records are discoverable and the motion to compel must

6   be granted.  See Fed. R. Civ. P. 26(b)(1); see also Robinson v. United States, 205 F.R.D. 104

7   (W.D. N.Y. 2001); Grove v. Aetna Casualty & Surety Co., 855 F.Supp. 113, 114-115 (W.D. Pa.

8   1993).[1]

9      The only real question, therefore, is how to protect the sensitive, personal information that

10  is characteristically found in such records.  Plaintiff's general privacy interest in his medical

11  information does not pose an obstacle to the requested discovery, but does warrant coverage of

12  the Social Security records by the Protective Order that is to be filed in this case.  Plaintiff's

13  personal identifying information and personal contact information can be adequately protected by

14  redaction.

15     At this point in the litigation, plaintiffs' request to redact the documents prior to their

16  production to defendants will create unnecessary delay.  Both parties bear responsibility for the

17  time crunch that now exists in light of scheduled depositions: the UC Defendants made their

18  requests for the Social Security records too close in time to the depositions to realistically obtain

19  them, and plaintiffs failed to independently obtain the records in time to review and redact them

20  prior to the virtually inevitable order for their production.  Having considered the arguments of

21  the parties and the record of the case as a whole, the court will grant the UC Defendants' motion

22  to compel plaintiff's conservator to authorize production of the records directly to defendants.

23  Such production will be subject to restrictions set out below.

24

### CONCLUSION

25     For the reasons set forth below and stated on the record at hearing on the motion, IT IS

26  HEREBY ORDERED as follows:

27

---

28
[1] Discoverability and admissibility are separate matters, and nothing in this order limits any
party's ability to object to the admission of evidence.

1          1.      The UC Defendants' motion to compel, ECF No. 111, is GRANTED;

2          2.      The Conservator for James J. Mayfield shall promptly execute a Consent to

3   Disclose the records held by the Social Security Administration regarding Plaintiff James Joshua

4   Mayfield, authorizing disclosure directly to counsel for the UC Defendants;

5          3.      Upon receipt, and unless and until the documents are redacted as specified below,

6   counsel shall treat the documents as for "attorneys' eyes only."  Unless and until redacted, the

7   documents are to be reviewed only by counsel of record for the moving defendants and for

8   plaintiffs, and are not to be shared with any third parties;

9          4.      Upon receipt, the UC Defendants shall make the unredacted records available to

10  counsel for plaintiffs;

11         5.      Defendants shall redact the following information from all documents received

12  from the Social Security Administration prior to their disclosure, pursuant to Protective Order, to

13  anyone else, including but not limited to experts and deponents, and from all documents to be

14  filed or otherwise used in this litigation:

15                 a.      Social Security numbers;

16                 b.      Date and place of birth;

17                 c.      Mother's maiden name;

18                 d.      Addresses;

19                 e.      Phone numbers;

20                 f.      Financial account numbers;

21                 g.      Identification numbers;

22                 h.      Analogous personal information.

23         6.      Only redacted documents may be shared with experts, witnesses, or any other

24  persons besides Defendants' counsel.

25         7.      All records disclosed by the Social Security Administration pursuant to this order

26  and the conservator's authorization shall be subject to Protective Order.  The proposed Protective

27  Order to be submitted in relation to this Court's order of July 1, 2016 (ECF No. 117) shall be

28  drafted so as to encompass these documents, and to be generally applicable to any future

4

1   discovery documents subject to protection by stipulation or court order.

2        8.      The proposed Protective Order shall be filed, and a Word version submitted to

3   acorders@caed.uscourts.gov, no later than seven (7) days after issuance of this order.  If the

4   parties are unable to reach agreement, they shall separately submit proposed language by that

5   deadline, and the court will issue a Protective Order after consideration of the parties' proposals.

6        IT IS SO ORDERED.

7   DATED:  July 20, 2016

8   ALLISON CLAIRE

9   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28