UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. MAYFIELD, JAMES ALLISON MAYFIELD, JR., and TERRI MAYFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>IVAN OROZCO, SHERIFF SCOTTJONES, JAMES LEWIS, RICKPATTISON, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA DAVIS HEALTHSYSTEM, DR. GREGORY SOKOLOV, DR. ROBERT HALS, and Does 1-5,<br><br>Defendants. | No. 2:13-cv-02499 JAM AC<br><br>ORDER |

Plaintiffs' motions to compel discovery, ECF Nos. 131 & 132, came on for hearing before the undersigned on October 12, 2016. Lori Rifkin and Joshua Piovia-Scott appeared on behalf of plaintiffs. Nicole Cahill appeared on behalf of the Sacramento County defendants, and Bianca Watts appeared on behalf of the UC defendants.

////

////

1

# BACKGROUND

Plaintiff James J. Mayfield, together with his wife and son, sue Sacramento County and various Sacramento County Jail correctional staff, and UC Davis Health Services and related jail psychiatric staff, for failure to protect, failure to provide medical care, and related claims.  The claims arise from injuries plaintiff suffered as the result of a suicide attempt made in the Sacramento County jail when he was a detainee.

# THE MOTIONS TO COMPEL

Plaintiffs seek to compel (1) further depositions of Dr. Gregory Sokolov, a psychiatrist who is the Jail Psychiatric Services Medical Director, and Ms. Andrea Javist, an LCSW who is the Jail Psychiatric Services Program Manager; (2) supplemental answers to Interrogatories and a further production of documents that the County failed to produce earlier after hearing and order; and (3) production of a recently disclosed 2016 jail audit report.

# STANDARDS

The scope of discovery under the Federal Rules is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. ("Rule") 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Under Rule 34(a)(1) "[a] party may serve on any other party a request within the scope of Rule 26(b):  (1) to produce and permit the party making the request to inspect, copy, test, or sample the following items in the responding party's possession, custody or control . . ; any designated documents or electronically stored information."  In responding to discovery requests "a party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev.1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev.1991).  "A party that has a legal right to obtain certain documents is

deemed to have control of the documents." Clark, 81 F.R.D. at 472.

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order "compelling disclosure or discovery." Under Rule 37(a)(3)(B) such a motion may be made if "a party fails to answer an interrogatory submitted under Rule 33, or fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34."

## DISCUSSION

### A.  Production of the 2016 Jail Audit

The Prison Rape Elimination Act of 2003 ["PREA"] was enacted by Congress to address concerns about the sexual assault of prisoners. 42 U.S.C. § 15601 et seq. The Act established a grant-making and regulatory regime designed to address sexual assault and related inmate safety issues in prisons and jails. 42 U.S.C. §§ 15606, 15607. The Sacramento County Jail was audited under this program in 2016 (as well as in other years), and plaintiffs seek access to the 2016 Report.

Defendant County refuses to produce the report, on several grounds. First, they argue that the 2016 Report did not include any review of the Mayfield incident, which occurred in 2013. Second, it is only an Interim Report and therefore subject to change. The Jail will have an opportunity to develop a corrective action plan for any deficiencies identified, and could even appeal any negative action. Accordingly, defendants argue that the document is irrelevant, that it would not be admissible at trial, and that its use in this litigation would be prejudicial to the County.[1]

Although the defendants' position on admissibility may prove to be correct once the document has been produced for examination, admissibility is not the issue at this stage of the proceedings. Plaintiffs argued that this Report, even though it was drafted long after the 2013 attempted suicide attempt at the center of this case, would potentially be relevant to meeting plaintiffs' burden under Monell v. New York City Department of Social Services, 436 U.S. 658

---

[1] Defendants also note that the Report was not provided to the County until after the original Request for Production of Documents had been both propounded and responded to by the County. That does not matter, as the duty to supplement discovery responses applies.

1  (1978), and to prove punitive damages.  The court agrees.  Evidence post-dating the Mayfield
2  incident could be admissible on the issue of Monell liability.  See Henry v. County of Shasta, 132
3  F.3d 512, 518, 519 (9th Cir. 1997) (evidence of incidents both preceding and following the
4  incident at issue may be used to establish the existence of a policy or custom of deliberate
5  indifference to inmate rights); Medina v. County of San Diego, 2014 U.S. Dist. LEXIS 1135672
6  (S.D. Cal. 2014) (documents showing notice or ratification of prior actions may be the only way
7  to prove policy, custom or habits under Monell).  Moreover, evidence of subsequent events may
8  prove either aggravating or mitigating for purposes of a punitive damages claim.  See Swinton v.
9  Potomac Corp, 270 F.3d 794, 810, 812 (9th Cir. 2001); Ogilvie v. International Playtex, 821 F.2d
10  1438, 1446 (10th Cir. 1987).

11      For these reasons, the court ruled from the bench on October 12, 2016, that the County
12  must produce the 2016 PREA Audit Report to plaintiff's within 24 hours of the hearing.

13      B.  Production Of Documents Previously Ordered Produced

14      In their moving papers, plaintiffs asserted that certain documents the UC defendants had
15  previously been ordered to produce, see ECF No. 117, had not been provided.  The discovery
16  requests at issue here (plaintiff's Interrogatory No. 22, Interrogatory No. 23, and Request for
17  Production No. 192) all seek information about the creation of a "Self-Inflicted Injury Log" that
18  was generated regarding the suicide attempt of an inmate other than plaintiff.  The undersigned
19  has previously overruled the defendants' objections to discovery of this matter.  ECF No. 117 at
20  3-5.  To the extent that defendants have not yet produced responsive documents and responses to
21  the interrogatories, they shall do so forthwith.  Responses to these discovery requests shall be
22  subject to the Protective Order in place in this case.

23      C.  Follow-Up Discovery Related to Sokolov and Javist Depositions

24      Defendant Gregory Sokolov, M.D., medical director of Jail Psychiatric Services, and
25  Andrea Javist, LCSW, program manager for Jail Psychiatric Services, were deposed between
26  June 24 and August 10, 2016.  The depositions revealed the existence of documents not
27  previously produced to plaintiff, including an Incident Report that was used by the individual
28  defendants in their follow-up meeting regarding the Mayfield suicide attempt.  This Incident

4

Report was produced to plaintiffs following the depositions, along with other documents not previously disclosed which related to plaintiff Mayfield's medical and psychiatric treatment before his suicide attempt, and the follow-up treatment and quality assessment he received after the attempt. The August 16, 2015, cover letter from defendant's counsel that accompanied the post-deposition production referred to additional incident reports that would be "forthcoming" but which were not (according to plaintiffs) produced prior to the filing of the instant motion to compel. Late produced documents did, however, include an appointment log showing how many times and when plaintiff had been seen by mental health and medical staff, and a report produced by a forensic psychiatric consultant retained by the County, Dr. Gage, dated June 8, 2016, assessing the mental health program at the jail. Plaintiff seeks (1) compelled production of all documents identified during the previous depositions, or related to them; and (2) further depositions of Dr. Sokolov and Ms. Javist to examine them about the content of these previously undisclosed documents.

Defendants' objections to these requests are overruled. If any of the documents referred to during the previous depositions or in counsel's latter dated August 16, 2015 have not yet been produced to plaintiffs, they shall be produced forthwith. Moreover, in light of the circumstances of the case and the history of discovery, the court finds good cause to permit the further depositions of Dr. Sokolov and Ms. Javist. These depositions are limited to examination regarding the late-disclosed documents identified by plaintiffs and the matters addressed by those documents. Defendant's objection to examination regarding the Gage Report is overruled.

D. <u>Timeliness of Discovery</u>

The court overrules defendants' objections that plaintiffs brought their motion to compel too close to the discovery deadline. Having considered the course of discovery and the circumstances of the case as a whole, the undersigned finds that plaintiffs brought their motion within a reasonable time and in time to be resolved within the applicable deadline(s). In light of the court's delay in issuing this order, all discovery produced or conducted pursuant to this order will be deemed timely.

////

CONCLUSION

For the reasons explained above and at the hearing on the motion, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motions to compel, ECF Nos. 131 and 132, are GRANTED;
2. Defendants shall produce all outstanding documents and supplemental responses to Interrogatories, as specified above, within seven days;
3. Dr. Sokolv shall be produced for a deposition not to exceed four (4) hours on a day and at a time convenient to the parties no later than October 31, 2016; and
4. Ms. Javist shall be produced for a deposition not to exceed two (2) hours on a day and at a time convenient to the parties, no later than October 31, 2016.
5. All discovery produced or conducted pursuant to this order will be deemed timely.

IT IS SO ORDERED.

DATED: October 23, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE