UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSHUA MAYFIELD, JAMES ALLISON MAYFIELD, JR. and TERRI MAYFIELD,<br><br>           Plaintiffs,<br><br>   v.<br><br>IVAN OROZCO, in his individual capacity, SHERIFF SCOTT JONES, in his individual and official capacity, JAMES LEWIS, in his individual and official capacity, RICK PATTISON, in his individual and official capacity, COUNTY OF SACRAMENTO, UNIVERSITY OF CALIFORNIA DAVIS HEALTH SYSTEM, DR. GREGORY SOKOLOV, in his individual capacity, DR. ROBERT HALES, in his individual capacity, and Does 1-5,<br><br>           Defendants. | Case No. 2:13-cv-02499 JAM-AC<br><br>**ORDER GRANTING BATSON MOTION** |

    On the first day of trial in this action (May 1, 2017) Plaintiff James Joshua Mayfield's counsel raised a <u>Batson</u> motion during jury selection after Defense counsel exercised peremptory challenges to strike prospective jurors #4 and #6—the only two black jurors in the jury venire. Having heard both parties'

arguments and reviewed the record, the Court grants Mayfield's motion.

Batson claims apply in civil lawsuits. See also Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 616, 617-619, 631 (1991). A Batson claim involves a three-step, burden-shifting process. See McClain v. Prunty, 217 F.3d 1209, 1219 (9th Cir. 2000). In this case, Mayfield must make a prima facie case showing that Defense counsel exercised race-based peremptory challenges. See McClain, 217 F.3d at 1219. Then the burden shifts to Defense counsel to offer race-neutral explanations for excusing black jurors. Id. Finally, if the parties satisfy the first two steps, the court must determine whether Mayfield has carried his ultimate burden of proving purposeful discrimination. Id.

The parties meet the first two steps. Mayfield has made a prima facie showing: His counsel argues that opposing counsel excused the only two black jurors and that nothing distinguished them from the other jurors as grounds for excluding them besides their race. In response, Defense counsel offered several race-neutral explanations. As to prospective juror #4, Defense counsel contended that this juror: (1) had a very good friend of his committed suicide and (2) had a DUI. Defense counsel also noted that the Court excluded prospective juror #8 who had a loved one that committed suicide. As for prospective juror #6, Defense counsel argued that he was (1) extremely young, (2) lacked life experience, and (3) had scant education. At first glance, these race-neutral explanations suffice. See Rice v. Collins, 546 U.S. 333 (2006) (concluding it was not unreasonable for trial court to accept prosecutor's age-based explanation for excluding juror).

1      That leads to <u>Batson</u>'s final step.  When evaluating whether
2 Mayfield has carried his burden to prove purposeful discrimination,
3 this Court must determine whether Defense counsel's race-neutral
4 explanations are credible.  <u>See McClain at 1220</u>.  Discerning
5 discriminatory intent turns largely on this court's evaluation of
6 Defense counsel's credibility.  <u>See id.</u>  A court may infer motive
7 from "the totality of the relevant facts."  <u>Id. at 1220</u>.  Indeed,
8 "[a] comparative analysis of jurors struck and those remaining is a
9 well-established tool for exploring the possibility that facially
10 race-neutral reasons are a pretext for discrimination."  <u>See id. at
11 1220-21</u>.
12      After considering the "totality of the relevant facts,"
13 comparatively analyzing "jurors struck [with] those remaining" the
14 Court finds that Defense counsel's race-neutral explanations are
15 pretextual.  First, Defense counsel used two of their five
16 peremptory challenges to strike the only black jurors in a case
17 involving a black plaintiff.  Second, Defense counsel argued that
18 suicide is an extremely important issue, yet they did not excuse
19 prospective jurors #1, #7 and #14, non-black jurors who also had
20 close friends and relatives who committed suicide.  Third, Defense
21 counsel's reference to this Court's excluding prospective juror #8
22 as a reason for also dismissing juror #4 is not persuasive.  This
23 Court excluded prospective juror #8 because he admitted he could
24 not be impartial; juror #4 said he could.  Fourth, Defense counsel
25 excused prospective juror #6, in part, because he did not have much
26 education.  Prospective juror #6 has some college education; non-
27 black jurors #2 and #7 have only a high school degree and non-black
28 jurors #16 and #23 have only an AA degree.  Finally, while juror #6

appeared to be relatively young as compared to most of the other prospective jurors, Defense counsel did not request that the Court ask any follow up questions during voir dire concerning his actual age or other life experiences. Moreover, there does not appear to be a significant age difference between juror #6 and non-black juror #14.

Thus, in reviewing the totality of the circumstances surrounding the exercise of peremptory challenges by Defense counsel in this case, the Court finds that jurors #4 and #6 were excluded because of the color of their skin rather than their qualifications, or lack thereof, as a juror in this case.

"[R]acial discrimination in the qualification or selection of jurors offends the dignity of persons and the integrity of the Courts. To permit racial exclusion in this official forum compounds the racial insult inherent in judging a citizen by the color of his or her skin." Edmonson, 500 U.S. at 628 (internal citation omitted).

Plaintiff's Batson motion is granted. The Court dismisses the eight jurors selected as the jury in this case and will start jury selection again on Monday, May 8, 2017 at 9:00 a.m. Counsel for all parties are required to appear tomorrow, May 3, 2017 at 9:15 a.m. No witnesses will be required to be present tomorrow.

IT IS SO ORDERED.

DATED: May 2, 2017.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE